UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFERY HUNTER,<br><br>    Petitioner,<br><br>    v.<br><br>J. SOTO,<br><br>    Respondent. | NO. EDCV 15-1248-SVW (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On June 26, 2015, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. Petitioner challenges his conviction in San Bernardino County Superior Court in 1993. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California, *Hunter v. M.L. Smith*, Case No. CV 97-2880-SVW (Mc) ("*Hunter I*").

In 1993, Petitioner was convicted of first degree murder and conspiracy to commit murder and sentenced to life without the possibility of parole and 26 years to life. (Petition at 2).

In *Hunter I*, Petitioner challenged the same conviction. Dkt. No. 20 at 1-2. A Report issued on the merits on June 8, 1999, recommending that the petition be denied and the action dismissed with prejudice. *Id.* at 10. On March 9, 2000, the Court adopted the findings and recommendation of the Report and entered judgment dismissing the petition with prejudice. *Id.*, Dkt. Nos. 23-24. On March 31, 2000, Petitioner filed a notice of appeal. *Id.*, Dkt. No. 25. On January 24, 2001, the Ninth Circuit issued its mandate affirming the judgment. *Id.*, Dkt. No. 31.

## II.

## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition challenging the same conviction and sentence imposed by the same judgment of the state court as in *Hunter I*. Petitioner alleges he was convicted of murder as an aider and abettor, not as a principal. (Petition at 5.) He states that based on a subsequent California Supreme Court case, *People v. Chiu*, 59 Cal. 4th 155 (2014), Petitioner did not have the required mens rea to be convicted of first degree murder. (Petition at 5.) *Chiu* held that "the connection between the defendant's culpability and the perpetrator's premeditative state is too attenuated to impose aider and abettor liability for first degree murder under the natural and probable consequences doctrine." In such circumstances, a defendant may only be convicted of second degree murder. *Chiu*, 59 Cal. 4th at 166.

If Petitioner wishes to pursue relief in federal court, he must first seek authorization from the Ninth Circuit to file a second or successive petition.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

### III.
### ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: July 14, 2015

_____
STEPHEN V. WILSON
United States District Judge

3